IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVID WALDEN and
DANA WALDEN                                                               PLAINTIFFS

v.                          No. 4:12-cv-190-DPM

LOLOWANA HUMPHREY;
BME ENTERPRISE, LLC; and
BME, LLC                                                                  DEFENDANTS

## ORDER

This case has been in limbo for too long, and it is past time for some action. Here is, as best as the Court can tell, what happened. Plaintiffs sued Lolowana Humphrey, BME Enterprise, LLC, and BME LLC. In July, the Court denied the Waldens' motion for default judgment against BME Enterprise, LLC for lack of proper service. *Document No. 10*. Before denying the motion, the Court issued an Order explaining how the service on BME Enterprise, LLC was potentially defective, and giving the Waldens two additional weeks to supplement the record to show that service was good. *Document No. 9*. Then the Waldens notified the Court that the case has settled, *Document No. 11*, and sent the attached release by email when the Court requested a motion to dismiss. The release covers only one of the two

plaintiffs. And the Waldens have done nothing to show that good service was ever made on any defendant.

The Court's staff has repeatedly requested some action from Plaintiffs' counsel. The Court cannot dismiss with prejudice, barring both plaintiffs' claims forever, without more information. Therefore, unless the Plaintiffs take some action by 14 December 2012, the Court will dismiss without prejudice for failure to prosecute and lack of good service. FED. R. CIV. P. 4(m). Of course any plaintiff may dismiss his case without court permission pre-answer. FED. R. CIV. P. 41(a)(1)(A)(i). The Court hesitates, however, to recognize the notice of settlement, *Document No. 11*, as a pre-service dismissal when it neither requests that action nor cites the Rule.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

30 November 2012

503475

## RELEASE OF ALL CLAIMS
## AND INDEMNITY

KNOWN ALL MEN BY THESE PRESENTS:

That the Undersigned, being of lawful age, for the sole consideration of Fifty thousand Four hundred Dollars ($50,400.00) to the undersigned in hand paid, receipt whereof is hereby acknowledged, do/does hereby and for my/our/its heirs, executors, administrators, successors and assigns release, acquit and forever discharge
B & E Transport Inc., Lolwana Humphrey, Gateway Insurance Company.
and his, her, their, or its agents, servants, successors, heirs, executors, administrators and all other persons, firms, corporations, associations or partnerships of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which the undersigned now has/have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequences thereof resulting or to the result from the accident, casualty or event which occurred on or about the 13th of August, 2010, at or near Highway 40 & Exit 159 Little Rock, AR.

It is understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, and that said releases deny liability therefore and intend merely to avoid litigation and buy their peace.

The Undersigned hereby declare(s) and represent(s) that the injuries sustained are or maybe permanent and progressive and that recovery therefrom is uncertain and indefinite and in making this Release it is understood and agreed, that the undersigned rely(ies) wholly upon the undersigned's judgment, belief and knowledge of the nature, extent, effect and duration of said injuries and liability therefor and is made without reliance upon any statement or representation of the party or parties hereby released or their representatives or by any physician or surgeon by them employed.

The Undersigned hereby agree(s) to indemnify and hold harmless Gateway Insurance Co., and its agents and employees, for any bills or fees for medical treatment that were provided to the undersigned as a result of the accident mentioned above that Gateway Insurance Company is or becomes legally obligated to pay. The Undersigned further agree(s) to indemnify and reimburse Gateway Insurance Company, and its agents and employees, for any and all liens, claims and demands, including liens for medical treatment, that arise as a result of the accident mentioned above and pertaining to the undersigned for which Gateway Insurance Co. becomes legally obligated to pay. Such indemnification shall include any attorney fees incurred by Gateway Insurance Co. in responding to the assertion of the said lien, claim and/or demand arising from the aforesaid accident.

The undersigned further declare(s) and represent(s) that no promise, inducement or agreement not herein expressed has been made to the undersigned, and that this Release contains the entire agreement between the parties hereto, and that the terms of this Release are contractual and not a mere recital.

THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.

Signed, sealed and delivered this ____1____ day of __Aug__, 20_12_.

CAUTION: READ BEFORE SIGNING BELOW.

x _____
David B. Walden

Witness

_____
Witness

x _____
David B. Walden

STATE OF __Tennessee__
COUNTY OF __Hamilton__

On the __1st__ day of __Aug__, 20_12_, before me personally appeared __David Walden__ to me known to be the person(s) named herein and who executed the foregoing Release and __he__ acknowledged to me that __he__ voluntarily executed the same.

My term expires __12/15/14__

_____
Notary Public

GAB 41 10/96